**Date signed March 22, 2004**



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

IN RE:                              :
                                    :
JOHN M. BELCHER          :          Case No. 03-18286PM
                                    :          Chapter 7
              Debtor          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

### MEMORANDUM OF DECISION
#### (Debtor's Motion to [Re]Convert to Chapter 13
#### and to Consolidate with Pending Chapter 13 Case)

Before the court is the motion of the Debtor, John M. Belcher, to convert this case back to a case under Chapter 13 and thereafter to consolidate the case with the case of his wife, Tammy J. Belcher, Case No. 04-13326. The court held a hearing on March 9, 2004, and reserved decision.

Debtor filed a bankruptcy case under Chapter 13 on August 22, 2003. On Debtor's motion filed December 1, 2003, this case was converted to a case under Chapter 7 by Order entered December 4, 2003. Michael G. Wolff was appointed Interim Trustee. The present motion was filed on February 17, 2004, and recites no change of circumstance or other factors that would cause the court to grant the extraordinary relief of re-converting the case. *See generally, In re Hardin*, 301 B.R. 298 (BC C.D. Ill. 2003); *In re Baker*, 289 B.R. 764 (BC M.D. Ala. 2003); *In re Banks*, 252 B.R. 399 (B.C. E.D. Mich. 2000). The *Hardin* case is a pithy summary of the applicable jurisprudence.

Both Schedules filed by the Debtor and by his wife reflect a monthly deficit of $1,081.06. To successfully pursue a plan of reorganization, Debtors must in some fashion create money out of thin air. John Belcher is disabled and shows as income a disability payment of $1,200.00 a

month.  Debtor's Schedules show over $42,000.00 in unsecured debts, all of which are owned jointly by the Debtor and his spouse, as well some $52,000.00 in tax debts that one also presumes are joint debts.  Tammy Belcher is a secretary earning slightly less than $27,500.00 a year.  The Plan filed on behalf of Tammy Belcher shows payments of $950.00 a month.  For these reasons, the Trustee may, pursuant to the doctrines set out in the case of *Sumy v. Schlossberg*, 777 F.2d 921 (CA4 1985), liquidate the substantial equity that the Debtors have in the property that they own as tenants by the entirety for the benefit of joint creditors.

Therefore, the court will not grant the extraordinary relief sought and will deny the Motion to [Re]Convert the case.  This leaves the Belchers proceeding in cases under two separate chapters of the Bankruptcy Code.  It may well happen that some sort of miracle occurs that enables Mrs. Belcher to succeed in Chapter 13, but that remains to be seen.  An appropriate order will be entered.

cc:
Keith R. Havens, Esq., 2401 Research Boulevard, Suite 308, Rockville, MD 20850
Jeffrey Nadel, Esq., 8701 Georgia Avenue, Suite 807, Silver Spring, Md 20910
Michael G. Wolff, Trustee, 11300 Rockville Pike, Suite 408, Rockville, MD 20852
John M. Belcher, 15 Hibiscus Court, Gaithersburg, MD 20878

**End of Memorandum**